IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NOS. AP-75,160; AP-75,161; AP-75,162; AP-75,163;

AP-75,164; AP-75,165; AP-75,166 




 

EX PARTE TYRONE LAMOND BANKS, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

CAUSE NUMBERS F-9576608-JL, F-9576584-UVL, F-9532436-VL, 

F-9532479-IVL, F-9576655-JL, F-9576654-JL, AND F-9532421-UVL

IN THE 15TH CRIMINAL JUDICIAL 

DISTRICT COURT DALLAS COUNTY 





 Per Curiam.


 


O P I N I O N



 These are applications for writs of habeas corpus which were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3 of the
Texas Code of Criminal Procedure. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant received four convictions for aggravated assault. His sentence in each case
was assessed at confinement for 15 years and a fine in the amount of $500. Applicant also
received three convictions for aggravated robbery. His sentence in each case was assessed
at sixty years imprisonment in addition to a fine in the amount of $1,000. Applicant did not
appeal any of his convictions or sentences.

 In the instant application, Applicant contends that he was denied his right to appeal
because his trial counsel failed to timely file notices of appeals even though Applicant has
informed him that he desired to appeal each case. 

 The trial court has found that Applicant is entitled to out-of-time appeals. We agree. 
Applicant is granted the opportunity to file out-of-time appeals from his convictions and
sentences in cause numbers F-9576608-JL, F-9576584-UVL, F-9532436-VL, F-9532479-IVL, F-9576655-JL, F-9576654-JL, and F-9532421-UVL from the 5th Criminal Judicial
District in Dallas County, Texas. Applicant is ordered returned to that point in time at which
he may give written notice of appeals so that he may then, with the aid of counsel, obtain
meaningful appeals. For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the sentences had been imposed on the date that the mandate of this
Court issues. We hold that should Applicant desire to prosecute appeals, he must take
affirmative steps to see that written notices of appeal are given within thirty days after the
mandate of this Court has issued.

 


DELIVERED: April 27, 2005

DO NOT PUBLISH


 

Keasler, J., not participating. 


Keller, P.J., Cochran, J., dissenting.